IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN BURUCA, individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> V. <br><br> WOK 1 <br><br> Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:22-cv-00016 <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Juan Buruca ("Plaintiff") brings this suit against WOK 1 ("Defendant") to recover overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 207(a)(1), 216(b). Plaintiff asserts his FLSA claims on behalf of himself and Defendant's current and former employees.

## JURISDICTION AND VENUE

2. The Court has jurisdiction because Plaintiff's claims arise under the FLSA.

3. Venue is proper in the United States District Court for the Southern District of Texas – Houston Division because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Juan Buruca resides in Harris County, Texas. His consent form is attached as "Exhibit 1".

5. Defendant is a domestic company doing business as WOK 1.

6. Defendant may be served at its place of business: 11611 W. Airport Blvd B1, Stafford, Texas 77477.

**FLSA COVERAGE**

7. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendant employed two or more employees and had annual revenue of at least $500,000.

8. Throughout the Claims Period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

9. Throughout the Claims Period, Defendant had employees engaged in commerce or in the production of goods for commerce, and Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. Throughout the Claims Period, Plaintiff and all similarly situated employees were engaged in interstate commerce or in the production of goods for commerce.

11. Throughout the Claims Period, Defendant was an employer of Plaintiff and all similarly situated employees.

12. Throughout the Claims Period, Plaintiff and all similarly situated individuals were Defendant's employees.

13. Throughout the Claims Period, Defendant employed Plaintiff and all similarly situated employees.

**FLSA VIOLATION**

14. Defendant operates a restaurant that serves primarily Asian cuisine located at 11611 W Airport Blvd B1, Stafford, Texas 77477.[1]

---

[1] https://www.wokone.com (last visited on 1/03/22).

15. Plaintiff worked for Defendant as a cook from on or about 08/20/2013 – 08/31/2021.

16. Defendant paid Plaintiff on a salary basis at approximately $3,500 monthly.

17. Plaintiff worked overtime (*i.e.*, more than 40 hours per week) for Defendant on numerous occasions during the Claims Period. In fact, Plaintiff regularly worked approximately 76 hours per week.

18. Defendant did not pay Plaintiff one-and-one-half times his regular rate of pay for each overtime hour he worked during the Claims Period.

19. Instead, Defendant paid Plaintiff his salary rate for each month, not factoring in overtime under the FLSA.

20. Defendant paid nearly all of its kitchen employees in the same manner regardless of job title/classification.

21. By engaging in this pay practice, Defendant deprived its employees of their right under the FLSA to receive time-and-a-half pay for their overtime hours.

22. When Plaintiff recorded fewer than 40 hours (which was a rare occurrence), Defendant paid him his salary rate, just as it did when he worked more than 40 hours in a week.

23. Plaintiff did not manage or supervise any of Defendant's employees. His job duties consists of preparing and cooking food.

24. Defendant owes Plaintiff .5 times his regular rate of pay for each recorded overtime hour he worked each week during the Claims Period, plus liquidated damages in the same amount.

25. Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

## COLLECTIVE ALLEGATIONS

26. Plaintiff incorporates the prior allegations in this Complaint and restates them here on behalf of all individuals who were paid straight time for overtime hours each week during the Claims Period.

27. Defendant paid these individuals on a salary basis. Defendant did not pay them time-and-a-half for the overtime hours they worked each week. Instead, Defendant paid them straight time for the recorded overtime hours they worked each week.

28. Plaintiff and these similarly situated workers are hereafter referred to as "the Salaried Plaintiffs."

29. Plaintiff seeks to represent the interests of the Salaried Plaintiffs who have been deprived of their overtime pay in violation of the FLSA.

30. The Salaried Plaintiffs often worked more than 40 hours a week during the Claims Period.

31. Defendant failed to pay the Salaried Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period.

32. Defendant owes the Salaried Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period, plus liquidated damages in the same amount.

33. The Salaried Plaintiffs are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

34. The Salaried Plaintiffs are similarly situated because they were subjected to the same policy and practice. Defendant paid them on a salary basis, but Defendant did not pay them additional pay for overtime hours worked as is required under the FLSA.

35. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All Current and Former Employees Who Were Paid a Salary but no Additional Wages for Overtime Hours (Hours Over 40) Worked During Any Week Three Years from the Date of Filing this Action to the Present.

36. Plaintiff reserves the right to modify the collective definition.

## WILLFUL VIOLATION

37. Defendant willfully violated the FLSA. Defendant either knew it should pay the Salaried Plaintiffs 1.5 times their regular rates of pay for each overtime hour worked or Defendant recklessly disregarded its obligation to do so. Consequently, Defendant is liable for the entire three-year period, pursuant to the FLSA.

## JURY TRIAL DEMANDED

38. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## PRAYER FOR RELIEF

Plaintiff demands a judgment for himself and all similarly situated individuals against Defendant for the following:

a. Unpaid overtime wages;

b. Liquidated damages;

c. Attorneys' fees and costs;

d. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e. All other relief the Court finds proper.

Dated: January 04, 2022

                                      Respectfully submitted,

                                      */s/ Ricardo J. Prieto*
                                      Ricardo J. Prieto

SHELLIST LAZARZ SLOBIN LLP
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR ALL NAMED AND OPT-IN PLAINTIFFS